# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

WILLIAMS HEATING, AIR, AND PLUMBING, INC.
D/B/A SHEET METAL FAB AND SUPPLY COMPANY

    Plaintiff

v.

WEST BEND MUTUAL INSURANCE COMPANY

    Defendant.

Civil Action No. 5:22-CV-73-BJB

## NOTICE OF REMOVAL

Defendant West Bend Mutual Insurance Company ("West Bend"), by and through its undersigned counsel, STEWART SMITH, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby respectfully submits this Notice of Removal of this civil action from the Commonwealth of Kentucky Marshall Circuit Court, where it is currently pending, to the United States District Court for the Western District of Kentucky. In support of its Notice of Removal, West Bend states as follows:

### STATEMENT OF THE CASE

1. On January 19, 2022, Plaintiff initiated this action by filing a Complaint in the Commonwealth of Kentucky Marshall Circuit Court, captioned *Williams Heating, Air, And Plumbing, Inc. D/B/A Sheet Metal Fab And Supply Company v. West Bend Mutual Ins. Co.*, No. 22-CI-00019. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2. Plaintiff generally alleges that it is entitled to additional payment under an insurance policy issued by West Bend in connection with a fire at Plaintiff's warehouse in Calvert

City, Kentucky, and that West Bend has improperly declined or delayed full payment under the policy. Complaint, *passim*.

3. The Complaint does not contain a specific demand or claim for damages. *Id*., *passim*. Rather, Plaintiff "demands that it receive a judgment against the defendant, with the losses which it has sustained; for punitive damages…and for any…other relief to which it may appear entitled." *Id*, p. 9.

4. On February 25, 2022, West Bend filed its Answer and Affirmative Defenses. Exhibit B.

5. On February 28, 2022, to determine the grounds for Plaintiff's claims and the amount in controversy, West Bend served its First Set Of Interrogatories And Requests For Production Of Documents To Plaintiff.[1]

6. On June 1, 2022, Plaintiff served its Answers And Responses To Defendant's First Set Of Interrogatories And Requests For Production Of Documents. Exhibit C. In its Answers to Interrogatories, Plaintiff claims damages in excess of $300,000. *See Id*., Answer to Interrogatory No. 2. (claiming "loss in excess of $400,000.00" and that "defendant has paid plaintiff less than $88,000.00"). The Answers further state, *inter alia*, that "Plaintiff seeks $70,000.00 for its loss of 'business personal property'", "Plaintiff seeks $27,801.00 for 'debris removal'", and "Plaintiff is seeking $75,000.00 for its loss of business income". *Id*., Nos. 4-6.

---

[1] After the deadline to respond to the discovery requests had passed, Plaintiff asked for an extension, which West Bend granted. After missing the subsequent, agreed to deadline (and following West Bend's notice of its intent to file a motion to compel), the parties filed an Agreed Order requiring Plaintiff to respond by June 1, 2022, which the court entered.

7. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.

### THE PARTIES ARE DIVERSE

8. Upon information and belief, at the time the Complaint was filed, Plaintiff was and is incorporated in Kentucky with its principal place of business in Kentucky.

9. Plaintiff pleads that it is "a Kentucky corporation organized under the laws of the Commonwealth of Kentucky" and that "West Bend is a foreign business…." Exh. A., ¶ 1, 2.

10. At the time the Complaint was filed, West Bend was and is incorporated in Wisconsin with its principal place of business in Wisconsin.

11. Accordingly, Plaintiff is diverse from the Defendant and the requirements for removal based on diversity of citizenship are satisfied.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

12. Where a case as stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

13. "Discovery responses are considered 'other paper' under the relevant statute." *Graves v. Standard Ins., Co.*, 66 F. Supp. 3d 920, 922 (W.D. Ky. 2014) (citations omitted).

14. On June 1, 2022, West Bend received Plaintiff's discovery responses, from which it first became ascertainable that Plaintiff seeks an amount over $75,000, as detailed above.

15. Prior to receiving Plaintiff's discovery responses, West Bend could not have reasonably ascertained removability from the Complaint or otherwise. *See Sage Bauer, LLC v.*

*Alltrade Service Solutions, LLC*, No. 3:21-cv-144-BJB-LLK, 2021 WL 6882410, *2 (W.D. Ky. May 26, 2021) ("Removability is 'first ... ascertained,' the Sixth Circuit has held, not when a defendant has reason to believe or investigate that the case is removable, but only after the papers 'contai[n] 'solid and unambiguous information that the case is removable'"), citing *Berera v. Mesa Med. Grp.*, 779 F.3d 352 (6th Cir. 2015) (other citations omitted).

16.      This Notice of Removal is timely filed within thirty days of receipt of Plaintiff's discovery responses, pursuant to 28 U.S.C. § 1446(b)(3).

17.      The United States District Court for the Western District of Kentucky is the federal judicial district encompassing the Commonwealth of Kentucky Marshall Circuit Court, where this action is pending. For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

18.      Prompt written notice of this Notice of Removal is being sent to Plaintiff through its counsel, and a copy of this Notice of Removal will be filed with the Commonwealth of Kentucky Marshall Circuit Court, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

Based upon the foregoing, the requirements of 28 U.S.C. §§ 1332, 1441, and 1446 have been satisfied and the within matter is properly removable. West Bend, therefore, respectfully requests that this Court accept and take jurisdiction of this action.

Respectfully submitted,

                            **STEWART SMITH**

                            BY:  */s/ William F. Stewart*
                                 William F. Stewart
                                 KBA # 96937
                                 300 Conshohocken State Rd.
                                 300 Four Falls, Suite 670

West Conshohocken, PA 19428
P: (484) 344-5296
F: (484) 534-9470
Email: wstewart@stewartsmithlaw.com


Gary W. Berdeen
(*Pro Hac Vice* to be filed)
Stewart Smith
1 Park West Circle
Suite 306-D
Midlothian, VA 23114
P: (804) 533-1717
F: (484) 534-9470
Email: gberdeen@stewartsmithlaw.com

***Attorneys for Defendant,***
***West Bend Mutual Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed electronically in this Court through the ECF Filing system, this 9th day of June, 2022, and that a copy has been served upon the following:

***Via Mail and Email***
Richard L. Walter, Esq
M. Taylor Rains, Esq.
Boehl Stopher & Graves, LLP
410 Broadway
Paducah, KY 42001
***Attorney for Plaintiff***

                                                  /s/ *William F. Stewart*
                                                  William F. Stewart